James S. Davis CALBAR NO.207963
Email:  Jamesdee3080@msn.com
James S. Davis Attorney at Law
730 Broadway, Suite 102
Chula Vista CA 91910
(619) 934-4600
Of attorneys for plaintiff

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DALLAS BUYERS CLUB, LLC**, a Texas Limited Liability Company,<br><br>             Plaintiff,<br>v.<br><br>**DOE-68.107.64.239,**<br><br>             Defendant. | Case No.: 3:15-cv-01844-BAS-JMA<br><br>PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S EX PARTE MOTION TO EXPEDITE DISCOVERY<br><br><br> EXPEDITED RULING REQUESTED |

I. INTRODUCTION

Plaintiff Dallas Buyers Club, LLC is the registered copyright owner of the motion picture *Dallas Buyers Club.*  The Doe defendant is a BitTorrent user, or "peer," whose computer is interconnected with others and used for illegally copying and distributing plaintiff's motion picture to others.  Plaintiff is suing the Doe defendant for using the Internet, specifically the BitTorrent file distribution network, to commit copyright infringement.

As the defendant used the Internet to commit infringement, plaintiff only knows the defendant by his or her Internet Protocol ("IP") address, and the time of the infringement as stated in the compliant. Based on pre-filing investigations, defendant's IP address was assigned by his or her Internet Service Provider ("ISP"), Cox Communications. Cox Communications generally uses an IP address to specifically identify each account which is assigned to a person using the Internet through Cox Communications to transmit and receive data similar to the address on a house, namely it is the location to which Cox Communications sends data requested and from which it receives data. Publicly available data allows plaintiff to identify the specific ISP defendant used and other information such as the city or area associated with the IP address. Publicly available data generally does not permit plaintiff to ascertain the identity of the subscriber or actual defendant. But as Cox Communications controls defendant's access to the Internet, so too does Cox Communications have the records which tie the IP address used to infringe plaintiff's rights to a specific party who contracted with Cox Communications for service. Without this information, plaintiff cannot ascertain the identity of the defendant nor pursue this lawsuit to protect its valuable copyrights.

Accordingly, plaintiff seeks leave to serve a Rule 45 subpoena on the ISP Cox Communications. Such a subpoena will be limited to non-content subscriber account information such as the true name, address, telephone number, and e-mail address of the parties associated with defendant's IP address. Any such information obtained will be used for protecting and enforcing plaintiff's rights as set forth in the Complaint filed in this case.

As the subscriber who contracts with Cox Communications may not necessarily be the defendant, plaintiff may also request leave for reasonable further discovery including an FRCP

45 deposition of the subscriber identified by Cox Communications, of not more than two (2) hours, as may be needed to find the true identity of the actual defendant.

## II.  ARGUMENT

Federal Rule of Civil Procedure 26(d)(1) authorizes a court to permit discovery before the Rule 26(f) conference upon a showing of "good cause" for the party's need for expedited discovery.  *See, e.g., Renaud v. Gillick*, No. 06-1304, 2004 WL 98465, at *2-3 (W.D. Wash. Jan. 8, 2007) (analyzing the Ninth Circuit standard of "good cause" and cases permitting expedited discovery); *Semitool, Inc. v. Tokyo Electron Am., Inc.,* 280 F.R.D. 273, 276 (N.D. Cal. 2002) ("Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.")

Courts routinely allow discovery to identify "Doe" defendants operating through the Internet. *See generally Gillespie v. Civiletti,* 629 F.2d 637, 642 (9th Cir. 1980) ("where the identity of alleged defendants [are not] known prior to the filing of a complaint . . . the plaintiff should be given an opportunity through discovery to identify the unknown defendants"); *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (error to dismiss unnamed defendants given possibility that identity could be ascertained through discovery).

Courts consider the following factors when granting motions for expedited discovery to identify anonymous internet users: (1) whether the plaintiff can identify the missing party with sufficient specificity such that the court can determine that the defendant is a real person or entity who could be sued in federal court; (2) all previous steps taken by the plaintiff to identify the Doe defendant; and (3) whether the plaintiff's suit could withstand a motion to dismiss. *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 578-580 (N.D. Cal. 1999)

First, it is highly likely plaintiff can identify the missing party with sufficient specificity as the missing party is either the subscriber who contracted for use of the identified IP address, or based on the pervasive nature of observed conduct, a party likely known to the subscriber as plaintiff has observed substantial and persistent conduct associated with defendant's IP address. Dkt. 1.  In related cases in the District of Oregon plaintiff's efforts have been found to be proper and warranting early discovery.  *Voltage Pictures and Dallas Buyers Club, LLC  v. Doe*, 3:14-cv-1872-AC, Dkt. 21 (April 9, 2015.)(collecting citations)("Based on Plaintiffs' successful identification of defendants in the vast majority of the cases it has filed in 2014, the court finds it likely that the requested discovery will uncover the identity of the defendant in this case…") Second, though plaintiff has been able to identify much about the defendant, namely who he or she uses as his or her ISP, where he or she is generally located, and what software he or she used to commit acts of infringement, plaintiff has no means to readily identify the Doe defendant as a named individual.  Cox Communications has procedures for revealing the associated subscriber information which if not the defendant is likely to lead to the defendant, but requires a subpoena as a matter of course.  Third, this is a claim for copyright infringement.  Specifically, sufficient facts are alleged to support a plausible right to relief well above any general level of mere speculation.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

Good cause to allow expedited discovery in this case clearly exists because the ISP used to commit the acts of copyright infringement is the only source that can supply the information necessary to identify the defendant.  A further basis for good cause is that in a claim for copyright infringement there is a presumption of irreparable harm to the copyright owner.  *See UMG Recordings, Inc. v. Doe*, 2008 WL 4104214 (N.D. Cal. 2008) (Finding good cause for expedited discovery exists in Internet infringement cases, where a plaintiff makes a prima facie

showing of infringement, there is no other way to identify the Doe defendant, and there is a risk an ISP will destroy its logs prior to the conference.)

If plaintiff is denied the ability to subpoena Cox Communications, the identity of the infringer will remain hidden and defendant will be able to continue to freely infringe plaintiff's rights and commit other acts of theft with impunity. As such it is clearly in the interest of preserving justice and order that this court should grant Plaintiff's motion. *Semitool, Inc.*, 280 F.R.D. at 276 ("Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party).

### III. EXPEDITED RELIEF IS PROPER

As per the other activity observed associated with the defendant's IP address, there is evidence the defendant is a prolific infringer that regularly and actively contributes to the BitTorrent piracy economy causing continuing harm not only to plaintiff but to the people of the State of California. The acts of the defendant do not appear to be isolated or singular in occurrence. Defendant's IP address has been regularly and persistent observed associated with the BitTorrent exchange of files. (A record of such activity is available should the Court deem such properly filed.) This activity is likely ongoing. If the defendant is maintaining plaintiff's work in the shared folder connected to the BitTorrent network and permitting continued access throughout this time, the number of distributions of plaintiff's work that might be attributed to defendant would be countless. However it is the experience of counsel that parties generally promptly terminate infringing activity and further distribution as soon as they have notice of an actual suit pending and become aware that they have been caught. As such, expedited relief is warranted such that notice may be provided as quickly as possible to at least limit further distribution and harm to plaintiff.

## IV. CONCLUSION

For the foregoing reasons, plaintiff respectfully requests the Court grant it's *Ex Parte* Motion for leave to take discovery prior to the Rule 26 conference and enter an Order allowing plaintiff to subpoena records from Cox Communications for the identity of the account holder assigned to the defendant's IP address and for such further reasonable discovery as may be needed.

DATED:  August 19, 2015.

/s/James S. Davis
James S. Davis CALBAR NO.207963
Jamesdee3080@msn.com
619-934-4600
Of attorneys for the plaintiff